UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRELL T. BURSEY, JR.,

    Plaintiff,

v.                                  CASE NO. 6:08-cv-744-Orl-35DAB

JOSEPH AMEIGH,

    Defendant.

_____

## ORDER

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 18, filed October 17, 2008) and Defendant's Motion for Judgment and Motion to Strike Amended Complaint (Doc. No. 23, filed December 19, 2008). In the motion to dismiss, Defendant asserts that the complaint should be dismissed *inter alia* because it lacks specificity and does not identify a constitutional violation. Plaintiff was allowed an opportunity to file a response to the motion to dismiss. In response, Plaintiff filed an amended complaint. *See* Doc. No. 22. Defendant contends in his motion for judgment and motion to strike that Plaintiff failed to file a response to the motion to dismiss and failed to seek leave to amend the complaint, and as such, the complaint should be dismissed. Alternatively, Defendant seeks an extension of time to file a responsive pleading to the amended complaint.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings "by leave of court" and directs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981). To further this policy, generally a district court may deny a motion for leave to amend only if there is a "substantial reason." *Id.*

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendant. Although Plaintiff did not file a motion to amend the complaint, it is clear that he filed the amended complaint in response to Defendant's contention that the complaint lacked specificity. Given Plaintiff's *pro se* status and the liberal amendment policy of Rule 15, the Court construes Plaintiff's amended complaint as a motion to amend the complaint and finds that he has demonstrated good cause to allow the amendment of the complaint. Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss (Doc. No. 18, filed October 17, 2008) is **DENIED** as moot.

2. Defendant's Motion for Judgment (Doc. No. 23, filed December 19, 2008) is **DENIED** to the extent Defendant is seeking the dismissal of this action. To the extent Defendant is requesting an extension of time to file a responsive pleading to the amended complaint, the motion is **GRANTED**. Defendant shall file a responsive pleading to the amended complaint within **TWENTY (20) DAYS** from the date of this Order.

3.    Defendant's Motion to Strike Amended Complaint (Doc. No. 23, filed December 19, 2008) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this 5th day of January, 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/29
Darrell T. Bursey, Jr.
Counsel of Record